**United States District Court**
For the Northern District of California

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL A. REDD, Jr., | No. C 06-1691 JF (PR) |
|     Petitioner, | ORDER GRANTING EXTENSION OF TIME TO FILE OPPOSITION; DENYING MOTION FOR DISCOVERY; DENYING MOTION FOR APPOINTMENT OF COUNSEL |
|   v. | |
| BOARD OF PRISON TERMS, et al., | |
|     Respondents. | (Docket Nos. 13, 14 & 16) |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Finding the petition, liberally construed, stated cognizable claims, the Court ordered Respondents to show cause why the petition should not be granted. In lieu of an answer, Respondents filed a motion to dismiss the petition as untimely. Petitioner requests an extension of time (docket no. 16) to file an opposition to the motion. Good cause appearing, the request is GRANTED. Petitioner requested until May 13, 2008 to file an opposition, but that date has since passed. In the interests of justice, the Court grants Petitioner an additional thirty days to file an opposition. Accordingly, Petitioner shall file his opposition no later than **June 12, 2008**. Respondents **shall** file a reply no later than **fifteen (15) days** after being served with Petitioner's opposition.

Petitioner has filed a motion for discovery (docket no. 13) to obtain copies of decisions by the Adult Authority Community Release Board and the Board of Prison Terms, among other items, in order to bring before the Court "a comprehensive compilation and examination of the Board decision[s] in a statistically significant number of cases involving lifers sentenced to seven years to life for first degree murder." (Mot. at 5.)  The motion for discovery is DENIED as the disposition of Respondents' motion to dismiss the petition as untimely is currently pending.  See Panola Land Buyers Ass'n v. Shuman, 762 F.2d 1550, 1560 (11th Cir. 1985).

Petitioner has filed a motion for appointment of counsel (docket no. 14), claiming that he cannot afford counsel and the discovery procedures are complex.  (Pet's Mot. at 1.)  However, the Sixth Amendment's right to counsel does not apply in habeas actions.  Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir.), cert. denied, 479 U.S. 867 (1986).  Pursuant to statute, however, a district court is authorized to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation."  See 18 U.S.C. § 3006A(a)(2)(B).  Here, Petitioner's claims were adequately presented in the petition and no evidentiary hearing is necessary at this time.  Consequently, the interests of justice do not require appointment of counsel in the instant case, and the request for appointment of counsel (docket no. 14) is DENIED.  Should the circumstances change materially at a later stage of the litigation, the Court will reconsider this decision sua sponte.

IT IS SO ORDERED.

DATED: __5/30/08_____

_____
JEREMY FOGEL
United States District Judge

Order Granting Ext. of Time to File Opposition; Denying Discovery; Denying Appt. Of Counsel
P:\PRO-SE\SJ.JF\HC.06\Redd1691.DenyAtty&eot-oppo.wpd