NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL A. REDD, Jr., | No. C 06-1691 JF (PR) |
| Petitioner, | ORDER GRANTING MOTION FOR RECONSIDERATION; REINSTATING CLAIMS 12 AND 14 |
| v. | |
| ROBERT HOREL, Warden, | |
| Respondent. | |

Petitioner, a California prisoner in Pelican Bay State Prison, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging decisions by the Board of Prison Terms ("Board"). On October 19, 2009, the Court granted Respondent's Motion to Dismiss Claims 12 and 14 of Petitioner's federal habeas on the basis that they were procedurally barred. On January 13, 2010, Petitioner filed a Motion for Leave to File a Motion for Reconsideration. On February 23, 2010, the Court granted Petitioner's Leave to File his Motion for Reconsideration and ordered further briefing. In response to the Court's order to brief the issue of exhaustion, Respondent conceded that the claims were exhausted, but argued instead that the issues were indeed procedurally barred. For the reasons stated below, the Court is unpersuaded.

Order Granting Motion for Reconsideration; Reinstating Claims 12 and 14
P:\PRO-SE\SJ.JF\HC.06\Redd1691recon.wpd

Initially, the Court dismissed Petitioner's Claims 12 and 14 as procedurally defaulted because the state superior court denied[1] them with citations to People v. Duvall, 9 Cal. 4th 464, 474 (1995), People v. Karis, 46 Cal. 3d 612, 656 (1988), and In re Swain, 34 Cal. 2d 300, 303-04 (1949). Petitioner's subsequent state petitions to the California Court of Appeal and California Supreme Court were summarily denied.

Upon further consideration, the Court concluded that a denial based on these cases was not irremediable and could be cured in a renewed petition. See Kim v. Villalobos, 799 F.2d 1317, 1319-1320 (9th Cir. 1986) (discussing "fair presentation" and explaining that a citation to Swain is a curable deficiency rather than an automatic preclusion of review). Moreover, the citations to Duvall and Swain indicated that Petitioner could re-file his petition, even though it was "procedurally flawed." Cf. Gaston v. Palmer, 417 F.3d 1030, 1039 (9th Cir. 2005) (analyzing whether a state petition was "properly filed" and discussing Duvall and Swain); Kim, 799 F.2d at 1319.

Because the California courts would have allowed Petitioner to file a new state petition remedying these deficiencies, by definition, Petitioner's Claims 12 and 14 are not procedurally barred. Cf. Johnson v. Lewis, 929 F.2d 460, 463 (9th Cir. 1991) ("If a federal constitutional claim *can no longer be raised* because of a failure to follow the prescribed procedure for presenting such an issue, however, the claim is procedurally barred") (emphasis added); Carey v. Sisto, No. CIV S-07-1642 MCE/KJM , 2009 WL 385777 (E.D. Cal. Feb. 9, 2009).

Thus, the question is whether Claims 12 and 14 were properly exhausted. See 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right

---

[1] "A petition for writ of habeas corpus should (1) state fully and with particularity the facts upon which relief is sought, and (2) include copies of reasonably available documentary evidence supporting the claim, including pertinent portions of trial transcripts and affidavits or declarations. People v. Duvall, 9 Cal. 4th 464, 474 (Cal. 1995). Conclusory allegations made without any explanation of their basis do not warrant relief. People v. Karis, 46 Cal. 3d 612, 656 (Cal. 1988); see also In re Swain, 34 Cal. 2d 30, 303-304 (Cal. 1949)." (Mot. to Dismiss, Ex. D at 3.)

under the law of the State to raise, by any available procedure, the question presented."); Kim, 799 F.2d at 1320 (instructing the district court to determine whether a claim denied with a citation to Swain in state court had been "fairly presented" by examining the state petition to the California Supreme Court); cf. Franklin v. Oregon, 290 F.3d 1223, 1230-1232 (9th Cir. 2002) (discussing the differences between exhaustion and procedural default doctrines).  However, in this case, Respondent concedes in his supplemental brief that Petitioner properly exhausted Claims 12 and 14.

Accordingly, the Court GRANTS Petitioner's motion for reconsideration and REINSTATES Claims 12 and 14.  Within **45 days** of the filing date of this order, Respondent shall file a response to the Order to Show Cause as to Claims 12 and 14.  Petitioner shall file any traverse **30 days** thereafter.

IT IS SO ORDERED.

DATED: 4/26/10

JEREMY FOGEL
United States District Judge

Order Granting Petitioner's Request for Judicial Notice; Denying in Part and Granting in Part Respondent's Motion to Dismiss; Further Scheduling Order
P:\PRO-SE\SJ.JF\HC.06\Redd1691recon.wpd

3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

PAUL A. REDD, Jr.,

        Petitioner,

  v.

ROBERT HOREL, Warden,

        Respondent.
                                       /

Case Number: CV06-01691 JF

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 4/30/10, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Paul A. Redd
B-72683/ D2-117
Pelican Bay State Prison
PO Box 7500
Crescent City, CA 95532

Dated: 4/30/10

                                          Richard W. Wieking, Clerk
                                          By: Diana Munz, Deputy Clerk

Paul A. Redd
B-72683/ D2-117
Pelican Bay State Prison
PO Box 7500
Crescent City, CA 95532


CV06-01691 JF